Geoffrey M. Trachtenberg, Esq. (SBN 194945)
LEVENBAUM TRACHTENBERG, PLC
4695 MacArthur Court, 11th Flr
Newport Beach, CA 92660
Telephone: (949) 717-7709
Telecopier: (949) 258-5127
Email: gt@ltinjurylaw.com

Darrell J. York, Esq. (SBN 145601)
Sarah L. Garvey, Esq. (SBN 202491)
YORK & GARVEY
137 N. Larchmont Blvd. #506
Los Angeles, CA  90004
Telephone: (866) 908-2121
Telecopier: (877) 221-3306
Email: djylaw@gmail.com
Email: sarahgarvey@yahoo.com

Attorneys for Plaintiffs Tonya E. Shirar, J.S., A.N. and A.S.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION**

| | |
|---|---|
| TONYA E. SHIRAR, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>MIGUEL GUERRERO,<br><br>　　　　　Defendant. | Case No.  EDCV 13-0906 JGB (OPx)<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 3 TO EXCLUDE DEFENDANTS' EXPERT TESTIMONY REGARDING "SUICIDE BY COP"; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>FPTC: July 10, 2017<br>Time: 11:00 a.m.<br>Ctrm: 1<br>Trial: August 1, 2017<br>Time: 9:00 a.m. |

1

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE that on July 10, 2017, at 11:00 a.m., or as soon thereafter as this matter may be heard in Courtroom 1 of the above-entitled Court, Plaintiffs will and hereby do move the Court by way of this Motion in Limine No. 3 to exclude Defendant's expert testimony regarding "suicide by cop." Plaintiffs make this Motion under Federal Rules of Evidence 401, 402, 403, 404, 702, and under *Daubert v. Merrell Dow Pharmaceuticals, Inc.* 509 U.S. 579 (1993).

**Statement of Local Rule 7-3 Compliance**: This Motion is made following conference of counsel on May 30, 2017 pursuant to L. R. 7-3, during which no resolution could be reached.

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the accompanying Declaration of Sarah L. Garvey, the records and files of this Court, and upon such other oral and documentary evidence as may be presented at the time of the hearing.

Dated: June 12, 2017  LAW OFFICES OF YORK & GARVEY

"/s/ Sarah L. Garvey"

By: Sarah L. Garvey, Esq.
Attorneys for Plaintiffs

PLAINTIFFS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 3 TO EXCLUDE DEFENDANTS' EXPERT TESTIMONY REGARDING "SUICIDE BY COP"; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

At trial, Defendant Officer Miguel Guerrero ("Officer Guerrero") intends to introduce evidence of a "suicide by cop" theory regarding the death of Mr. Shirar—he intends to justify the unnecessary death of an unarmed and injured man by blaming the victim. Officer Guerrero has retained experts to render opinions that Mr. Shirar either provoked or wanted Officer Guerrero to shoot him because Mr. Shirar allegedly desired to commit "suicide by cop." These opinions are contained in the Rule 26 reports of defense police practices expert Greg Meyer and defense hired psychologist Kris Mohandie (See Exhibits "1" and "2" to the Declaration accompanying this Motion).

The testimony of Mr. Meyer and Dr. Mohandie, and any evidence of "suicide by cop," should be excluded in this case because it is unreliable and lacks foundation, is speculative and irrelevant, and is unfairly prejudicial. Officer Guerrero's theory rests almost exclusively on his own testimony—and thus on the very person who shot and killed Mr. Shirar. Plaintiffs' dispute that testimony, which they believe is contradicted by evidence that Mr. Shirar was not suicidal when he was killed by Officer Guerrero and would not have made the allegedly suicidal comments described by Officer Guerrero. Far from wanting to die, Mr. Shirar had everything to live for, including a recent marriage to a woman he loved and getting partial custody of one of his daughters.

Mr. Shirar was not a confrontational person and had no history of violent prior confrontations with law enforcement. He had no history of suicidal ideation or history of suicide attempts. The experts' opinions are based on nothing more than speculation and the testimony of the only person who lived to tell his version of the encounter. Moreover, none of the factors present in the case of *Boyd v. City and County of San Francisco*, 576 F.3d 938 (9th Cir. 2009), in which the suicide by

cop defense was admitted along with evidence to corroborate it, are present in this case. This Court should exercise its discretionary, goalkeeping function and exclude all testimony and evidence with respect to "suicide by cop."

## Argument

**A.     The Testimony of Defense Police Practices Expert Greg Meyer as to Alleged "Suicide by Cop" Should Be Excluded as Unreliable**

Federal Rule of Evidence Rule 702 requires that an expert's testimony, in the face of an objection, must be screened by the Court to ensure that it "is the product of reliable principles and methods." (Fed R. Evid. 702, *Kumho Tire Co., Ltd v. Carmichael*, 526 U.S. 137, 152 (1999); *Guidroz-Brault v. Missouri Pac.R.R. Co.*, 254 F.3d 825, 831 (9th Cir. 2001).) An expert's opinion is deemed sufficiently reliable if his or her conclusions are based on the knowledge and experience of his or her discipline rather than on a "subjective belief or unsupported speculation." (*Daubert v. Merrell Dow Pharmaceuticals, Inc.* 509 U.S. 579 (1993)).

Officer Guerrero has retained Mr. Meyer as a "police practices expert," but he offers opinions about matters outside of his realm of expertise. He does not list any special training or expertise in "suicide by cop" in the nine categories on which he bases his opinions with a "reasonable degree of professional certainty." (Meyer Rule 26 report p. 2.) Yet despite any special training or experience, in Opinion No. 4 Mr. Meyer opines that "Shirar engaged in behavior that is typically associated with a person who tragically desires to commit 'suicide by cop.'" (Meyer Rule 26 report p. 4.)

The bases of Mr. Meyer's training and experience in "suicide by cop" appear to come from excerpts from five sources, including Black's Law Dictionary. (Meyer Rule 26 report p. 7.) Citing to such excerpts fails to establish the factual support required under *Daubert* for any opinion by Mr. Meyer that Mr. Shirar

4

PLAINTIFFS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 3 TO EXCLUDE DEFENDANTS' EXPERT TESTIMONY REGARDING "SUICIDE BY COP"; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

wanted to commit "suicide by cop." Furthermore, absent a connection to the facts of this case, these excerpts are irrelevant and should be excluded.

According to Rule 702, expert opinion must be reliable and relevant. A person qualified as an expert by knowledge, skill, experience or training may testify in the form of an opinion if the testimony is based on sufficient facts which can be tested quantitatively, and the testimony is a product of reliable principles and methods, which can be tested qualitatively. Fed R. Evid. 702. These requirements are not met by Mr. Meyer as to any opinion regarding "suicide by cop" in this case or in any case. Since Officer Guerrero has failed to meet his burden, any testimony in these areas by Mr. Meyer is inadmissible.

**B.     The Testimony of Defense Expert Dr. Kris Mohandie as to Alleged "Suicide by Cop" Should Be Excluded as Unreliable, Irrelevant and Unduly Prejudicial**

    **i.     Dr. Mohandie's Testimony is Unreliable**

Unlike Mr. Meyer, Dr. Mohandie appears to know something about the "suicide by cop" theory, at least to the extent that he has written articles about it. But he does not know the person about whom he opines and thus lacks sufficient facts upon which to base his opinions. Without ever having talked to Mr. Shirar, or consulted Mr. Shirar's family, friends or anyone who knew him well—and thus having no intimate knowledge of Mr. Shirar whatsoever but only the version of Mr. Shirar compiled and constructed by law enforcement after his death—Dr. Mohandie opines that "Mr. Shirar committed suicide by cop during this incident" and "Mr. Shirar posed a danger to others as well as himself." (Mohandie Rule 26 report, opinions 1 and 2, p. 8 and 18.)

Federal Rule of Evidence Rule 702 requires that an expert may testify as to an opinion so long as the testimony is "based on sufficient facts or data." Fed R. Evid. 702(b). In the case of Dr. Mohandie's opinions, the facts or data appear to

5

be statistics unrelated to Mr. Shirar, the testimony of the shooting officer, Dr. Mohandie's "knowledge and experience," and a grab-bag of other speculative and irrelevant factors capable of numerous interpretations such as Mr. Shirar having been in a vehicle crash prior to his death, "imminent pre-suicide warning indicators" like an "intense look on the subject's face," an arrest record consisting of nonviolent misdemeanors, "negatively, acutely suicidal mental state and hoplessness," and "significant stressors affecting him including financial, legal, and child custody issues" such as a disconnected notice from Southern California Edison. (Mohandie Rule 26 report pp. 8, 9, 11, 13, 17 and 18.)

The statistics Dr. Mohandie cites throughout his report (Mohandie Rule 26 report pp. 8, 11, 16 and 18) hardly establish the factual support required under *Daubert* for any opinion by Dr. Mohandie that Mr. Shirar wanted to commit "suicide by cop." Absent a connection to the facts of this case, these statistics are irrelevant and should be excluded.

As to the testimony of the officer, if he is lying or mistaken then the whole theory falls apart. The Ninth Circuit has held repeatedly that "'we must be wary of self-serving accounts by police officers when the only non-police eyewitness is dead.'" *Long v. City and County of Honolulu*, 511 F.3d 901, 906 (9th Cir. 2007); cf. Price, 513 F.3d at 980. See also *Cruz v. Anaheim*, 765 F. 3d 1076, 1079 (9th Cir. 2014) ("But in the deadly force context, we cannot 'simply accept what may be a self-serving account by the police officer"), quoting *Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir. 1994).

### ii. Dr. Mohandie's Testimony is Irrelevant

Federal Rule of Evidence 401 defines "relevant evidence" as evidence having any tendency to make the existence of "any fact that is of consequence to the determination of the action more probable or less probable than it would be

6

without the evidence." Rule 402 states in part that evidence which is not relevant is not admissible.

The central liability issue in this case is whether Officer Guerrero was justified in shooting Mr. Shirar. This is a narrow issue which requires analysis of the "objective reasonableness" of an officer's actions in light of the facts known to him at the time. *Graham v. Connor*, 490 U.S. 386, 397 (1989). The issue of whether Officer Guerrero was justified in shooting Mr. Shirar has nothing to do with Mr. Shirar's mental state. Whether Officer Guerrero was entitled to use deadly force must be viewed based on the information known to him and whether Mr. Shirar posed an imminent threat of serious injury or death to himself or others. *Tennessee v. Garner*, 471 U.S. 1 (1985). Just as the subjective motivations of Officer Guerrero are irrelevant, so are Mr. Shirar's subjective thoughts and/or motives. There is no evidence that Officer Guerrero knew Mr. Shirar before the shooting, or knew anything about his alleged depressed mental state.

Additionally, Officer Guerrero should not be allowed to introduce this evidence to argue or imply that Mr. Shirar was trying to commit "suicide by cop" in regards to damages. The evidence is irrelevant to proof of shortened life expectancy because it is totally speculative that Mr. Shirar was suicidal at the time he was shot and killed and/or would have been in the future. Such evidence would invite improper speculation, is supported by no expert testimony, and should be excluded.

### iii.    Dr. Mohandie's Testimony is Unduly Prejudicial

Finally, any testimony or evidence as to "suicide by cop" is unduly prejudicial, confusing and a waste of time, and should be excluded under Rule 403. In fact, it is difficult to imagine more confusing and misleading testimony than that which seeks to shift the jury's focus away from whether Officer Guerrero was justified under the circumstances in shooting and killing Mr. Shirar to whether the

victim of such violent conduct was asking for it. Rule 403 excludes relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Evidence of "suicide by cop" in this case, which is irrelevant, is extremely prejudicial, especially because the only version of events as to what happened is coming from the surviving officer.

Even in the event the jury decides Mr. Shirar may have been depressed and/or suicidal, that does not mean Officer Guerrero's shooting and killing of him was in any way justified or constitutional. The central issue remains whether it was objectively reasonable under the circumstances to use deadly force against Mr. Shirar—regardless of his state of mind. Even the most earnest of jurors might get distracted by the red herring theory of "suicide by cop," especially if it comes all dressed up in the form of expert testimony.

**C. Defendant Should Not be Permitted to Use a Speculative, Unreliable, Irrelevant, and Unduly Prejudicial Theory to Get Otherwise Inadmissible Evidence Before the Jury**

In addition to all the other reasons why the alleged "suicide by cop" theory and related alleged evidence of it in this case should be excluded, Officer Guerrero should not be permitted to use his untenable theory as a means to admit otherwise inadmissible evidence. It would be unduly prejudicial if Officer Guerrero were able to "back door" otherwise inadmissible evidence by way of Dr. Mohandie's testimony. Therefore, to the extent the Court admits any testimony from Dr. Mohandie, the Court should prohibit him from referencing or relying on any evidence that is otherwise excluded, including pursuant to Plaintiffs' Motions in Limine Nos. 1 (criminal history), 2 (drug use), 4 (text messages) and 5 (medical history).

8

PLAINTIFFS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 3 TO EXCLUDE DEFENDANTS' EXPERT TESTIMONY REGARDING "SUICIDE BY COP"; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

### D. This Case is Distinguishable From the *Boyd* case

*Boyd v. City and County of San Francisco*, 576 F.3d 938 (2009) is a case in which an expert was permitted to testify regarding suicide by cop. The court noted *in that case* that the expert testimony regarding suicide by cop 'pass[ed] muster.' (Id. at 947.) The *Boyd* holding does not mean that any such expert testimony would pass muster *in this case*. The cases are distinguishable. In *Boyd*, the victim shot by the police officer had experienced a violent encounter with the police just three days earlier, during which he allegedly yelled "kill me" (Id. at 942). Mr. Shirar has no such history with police, recent or otherwise.

In *Boyd*, the victim had a history of violent convictions and faced a long prison sentence if caught. (Id. at 948.) Mr. Shirar's prior law enforcement contacts were of a nonviolent and misdemeanor nature. At most, on the morning in question, Mr. Shirar faced a citation for misdemeanor hit and run and no prison time. Furthermore, the family of the victim in *Boyd* had filed prior lawsuits against the police, none of which happened with Mr. Shirar's family.

There is nothing about Mr. Shirar's case that resembles the *Boyd* case and the "suicide by cop" theory should be excluded.

### Conclusion

For the foregoing reasons, Plaintiffs respectfully request that this Court grant Plaintiffs' Motion In Limine No. 3 in its entirety and exclude expert testimony regarding "suicide by cop" at trial.

Dated: June 12, 2017     LAW OFFICES OF YORK & GARVEY

"/s/ Sarah L. Garvey"

By: Sarah L. Garvey, Esq.
     Attorneys for Plaintiffs